Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Miguel A. Sepúlveda Lugo<br><br>Peticionario | KLCE202400363 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. Núm.: ISCR202000560 (203)<br><br>Sobre: Art. 3.2 - recalificado a Art. 3.1 Ley 54 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de abril de 2024.

Comparece la Sociedad para Asistencia Legal (SAL), por conducto del Licenciado José D. Soler Fernández (División de Apelaciones), quien representa al señor Miguel A. Sepúlveda Lugo (Sr. Sepúlveda Lugo o peticionario). Mediante recurso de *Certiorari* solicita la revocación de la "Orden" emitida el 22 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. En dicha determinación, el foro primario declaró No Ha Lugar la "Moción en Solicitud de Relevo de Representación y/o el Archivo Administrativo de los Procedimientos" presentada por la SAL.

Luego de evaluar el escrito del peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

---

[1] Notificada el 26 de febrero de 2024.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari*, y confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 15 de octubre de 2020, se presentó una denuncia contra el Sr. Sepúlveda Lugo, por infringir el Art. 3.2 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, titulada "Ley para la Prevención e Intervención con la Violencia Doméstica" (Ley Núm. 54).[2] Tras la celebración de una vista para la determinación de causa probable al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, el magistrado determinó causa probable para arresto por el delito imputado.

Habiendo el peticionario renunciado a la Vista Preliminar,[3] éste fue citado para la Lectura de Acusación. Al acto compareció el acusado e hizo alegación de No Culpable, toda vez que llegó a una alegación preacordada con el Ministerio Público. Específicamente, a los fines de enmendar el delito imputado por una infracción al Art. 3.1 de la Ley Núm. 54, *infra.*

Posteriormente, el 9 de abril de 2021, se celebró vista para dictar sentencia. Mediante "Resolución" emitida ese mismo día,[4] el foro *a quo* concedió el Sr. Sepúlveda Lugo los beneficios de libertad a prueba, según lo provee el Art. 3.6 de la Ley Núm. 54, *infra.* Este privilegio quedó sujeto al cumplimiento de ciertas condiciones generales y especiales.[5]

Así las cosas, el 5 de septiembre de 2023, el Programa de Comunidad de Mayagüez sometió un "Informe de Violación de Condiciones de LAP", e informó al Tribunal que el probando incumplió con ciertas condiciones que le fueron impuestas.

---

[2] 8 LPRA sec. 632.
[3] Véase, anejos 7 y 8 del apéndice, págs. 9 y 10.
[4] Véase, anejo 14, pág. 21 y 22.
[5] Véase, anejo 14, pág. 21 y 22.

Ante esto, el 13 de septiembre de 2023, el Ministerio Público presentó una "Moción Solicitando Revocación de Libertad a Prueba" y, debido a que el peticionario violó las condiciones del desvío, solicitó su arresto y encarcelamiento.

Con motivo de lo anterior, el 21 de septiembre de 2023, el foro recurrido emitió una "Resolución y Orden" autorizando el diligenciamiento de la orden de arresto, y señalando vista sumaria inicial para el 28 de septiembre de 2023.

Según pautada, el 28 de septiembre de 2023, se celebró vista sumaria inicial, a la cual no compareció el Sr. Sepúlveda Lugo.[6] Esta vista fue reseñalada para el 6 de octubre de 2023, a la cual tampoco se personó el peticionario.[7] En esta audiencia se hizo constar que el Estado ha hecho gestiones para lograr la comparecencia del Sr. Sepúlveda Lugo, y las mismas han sido infructuosas.[8]

A pesar de ello, se reseñaló la vista para el 16 de octubre de 2023, y el Sr. Sepúlveda Lugo no compareció.[9] En esta ocasión, se les concedió tiempo adicional a los alguaciles para gestionar la orden de arresto. Nuevamente, se reseñaló la vista para el 2 de noviembre de 2023, y el peticionario no estuvo presente.[10] En vista de que no se acreditaron gestiones adicionales para lograr su comparecencia, la vista sumaria fue reseñalada para el 27 de noviembre de 2023. El Tribunal hizo constar que, de evidenciarse estas gestiones, la próxima vista sería celebrada en ausencia.[11]

Finalmente, el 27 de noviembre de 2023, se celebró la vista sumaria inicial, y no se personó el Sr. Sepúlveda Lugo.[12] Evaluadas las gestiones adicionales realizadas por el Estado para lograr la comparecencia del peticionario, el Tribunal de Primera

---

[6] Véase, "Minuta" del 28 de septiembre de 2023; apéndice anejo XX, pág. 32.

[7] Véase, "Minuta" del 6 de octubre de 2023; apéndice anejo XXI, pág. 33.

[8] *Íd.* Las gestiones consistías en el diligenciamiento por parte de los alguaciles.

[9] Véase, "Minuta" del 16 de octubre de 2023; apéndice anejo XXII, pág. 34.

[10] Véase, "Minuta" del 2 de noviembre de 2023; apéndice anejo XXIII, págs. 35 y 36.

[11] *Íd.*

[12] Véase, "Minuta" del 27 de noviembre de 2023; apéndice anejo XXIV, págs. 37 y 39.

Instancia determinó que celebraría la vista en ausencia. Escuchada la prueba, el foro primario concluyó que procedía revocar provisionalmente la sentencia suspendida.

El 2 de febrero de 2024, la SAL presentó una "Moción en Solicitud de Relevo de Representación y/o el Archivo Administrativo de los Procedimientos" y, en esencia, argumentó que: (1) no procede la revocación del desvío, ya que al Sr. Sepúlveda Lugo no se le advirtió que su privilegio podría ser revocado en ausencia, y (2) debido a que no se ha podido tener contacto con el peticionario, no se ha podido establecer una relación abogado-cliente con el probando. Por estas razones, solicitó se releve a la SAL de representar al Sr. Sepúlveda Lugo o, en la alternativa, se ordene el archivo administrativo del caso hasta tanto el peticionario fuese arrestado.

Por su parte, el 15 de febrero de 2024, el Ministerio Público presentó una "Moción Solicitando Celebración de Vista Final de Revocación de Probatoria en Ausencia y Oposición a Archivo Administrativo". En apretada síntesis, esgrimió que: (1) la vista final de revocación puede celebrarse en ausencia del probando, y (2) no existe razón que impida a la defensa salvaguardar los derechos del peticionario, puesto que la relación abogado-cliente es entre el Sr. Sepúlveda Lugo y la SAL, independientemente de quién sea el abogado de récord.

Atendidos los escritos de ambas partes, el 22 de febrero de 2024,[13] el Tribunal de Primera Instancia emitió una "Orden", y declaró No Ha Lugar la "Moción en Solicitud de Relevo de Representación y/o el Archivo Administrativo de los Procedimientos" presentada por la SAL. En vista de lo anterior, señaló vista final de revocación.

---

[13] Notificada el 26 de febrero de 2024.

Inconforme, la SAL recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

A) *Erró el Tribunal de Primera Instancia de Mayagüez cuando decidió celebrar un proceso de revocación de desvío en ausencia, debido a que en el Artículo 3.06 de la Ley 54 no se provee para ello y tal condición o requisito tampoco formó parte del convenio suscrito entre el probando y Estado,* [constituyendo] *lo anterior una crasa violación al debido proceso de Ley.* [notas al calce omitidas]

B) *Erró el Tribunal de Primera Instancia de Mayagüez al imponer la representación legal del señor Sepúlveda Lugo a la Licenciada Jessica Meléndez Dedós en un proceso de revocación (vista final) por alegado incumplimiento de condiciones en un desvío (Ley Penal Especial), cuando la abogada original del caso nunca solicitó – y mucho menos obtuvo – el debido relevo de representación legal. (Canón 20 de Ética Profesional) además, la Licenciada Meléndez Dedós – al no conocer ni poder conferenciar al probando (proceso en ausencia) – está imposibilitada de poder proveer una representación legal adeudada durante la vista final de revocación y en el eventual acto de imposición de sentencia.* [notas al calce omitidas]

## II.

La Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 601 *et seq.*, mejor conocida como "Ley para la Prevención e Intervención con la Violencia Doméstica", según enmendada, se promulgó con el fin de prevenir la violencia doméstica, y proteger a las víctimas de tan reprochable conducta. Para lograr este fin, el Art. 3.1 de la Ley Núm. 54, 8 LPRA Sec. 631, tipifica el maltrato de la siguiente forma:

*Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, para causarle daño físico a su persona, a los bienes apreciados por ésta, excepto aquéllos que pertenecen privativamente al ofensor, o a la persona de otro o para causarle grave daño emocional, incurrirá en delito grave de cuarto grado en su mitad superior.*

> *El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.*

De otra parte, la Ley Núm. 54, *supra*, contiene mecanismos para rehabilitar aquellas personas que incurren en cualquier tipo de violencia doméstica. A esos efectos, el Art. 3.6 de la Ley Núm. 54, 8 LPRA sec. 636, dispone que:

> *Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en esta Ley, el Tribunal podrá motu proprio o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja, según definida por el inciso (m) del Artículo 1.3 de esta Ley. Antes de hacer cualquier determinación al respecto, el Tribunal deberá escuchar al Ministerio Fiscal.*
>
> *Esta alternativa de desvío solamente estará disponible cuando existan las circunstancias siguientes:*
>
> *(a) Se trate de una persona que no haya sido convicta, y recluida en prisión producto de una sentencia final y firme o se encuentre disfrutando del beneficio de un programa de desvío bajo esta Ley o de sentencia suspendida, por la comisión de los delitos establecidos en esta Ley o delitos similares establecidos en las Leyes del Estado Libre Asociado de Puerto Rico o Estados Unidos contra la persona de su cónyuge, ex cónyuge, persona con quien cohabita o ha cohabitado, persona con quien sostiene o ha sostenido una relación consensual o persona con quien haya procreado un hijo o una hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación.*
>
> *(b) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de esta ley o de cualquier disposición legal similar.*
>
> *(c) Se suscriba a un convenio entre el Ministerio Fiscal, el acusado y la agencia, organismo, institución pública o privada a que se referirá el acusado.*
>
> *(d) Como parte del convenio y de la participación en el programa de reeducación, la persona presente una declaración aceptando por la comisión del delito imputado y reconociendo su conducta.*
>
> *El Tribunal tomará en consideración la opinión de la víctima sobre si se le debe conceder o no este beneficio*

*e impondrá los términos y condiciones que estime razonables y el período de duración de la libertad a prueba que tenga a bien requerir, previo acuerdo con la entidad que prestará los servicios, cuyo término nunca será menor de un (1) año ni mayor de tres (3).*

***Si la persona beneficiada con la libertad a prueba que establece este Artículo, incumpliere con las condiciones de la misma*, *el Tribunal*, *previo celebración de vista*, *podrá dejar sin efecto la libertad a prueba y procederá a dictar sentencia*.**

*Si la persona beneficiada por la libertad a prueba que establece este Artículo no viola ninguna de las condiciones de la misma, el Tribunal, previo celebración de vista, podrá dejar sin efecto la libertad a prueba y procederá a dictar sentencia.*

*Si la persona beneficiada por la libertad a prueba que establece este Artículo no viola ninguna de las condiciones de la misma, el Tribunal, previa recomendación del personal competente a cargo del programa al que fuere referido el acusado, en el ejercicio de su discreción y previa celebración de vista, podrá sobreseer el caso en su contra.*

*La sentencia sobreseída bajo este Artículo se llevará a cabo sin pronunciamiento de sentencia por el Tribunal, pero se conservará el expediente del caso en el Tribunal, con carácter confidencial, no accesible al público y separado de otros récords, a los fines de ser utilizados por los tribunales al determinar, en procesos subsiguientes, si la persona cualifica para acogerse a los beneficios de este Artículo y para ser considerado a los efectos de reincidencia, si la persona comete subsiguientemente cualquiera de los delitos tipificados en esta Ley. En estos casos, será responsabilidad del fiscal presentar siempre la alegación de reincidencia.*

*La sentencia sobreseída del caso no se considerará como una convicción a los fines de las descualificaciones o incapacidades impuestas por ley a los convictos por la comisión de algún delito, y la persona exonerada tendrá derecho, luego de sobreseído el caso, a que el Superintendente de la Policía de Puerto Rico le devuelva cualesquiera expediente de huellas digitales y fotografía que obren en poder de la Policía de Puerto Rico, tomadas en relación con la violación de los delitos que dieron lugar a la acusación.*

*El sobreseimiento de que trata esta sección sólo podrá concederse en una ocasión a cualquier persona.*

(Énfasis provisto).

Mediante el precitado artículo se creó un programa de desvío *sui géneris* que se puede equiparar con la sentencia suspendida estatuida en la Ley de Sentencia Suspendida, *infra. Pueblo v.*

*Rodriguez Velázquez*, 152 DPR 192 (2000). Aunque, ciertamente, existe una diferencia entre uno y otro procedimiento. Esto, pues, "bajo el programa de desvío no se dicta sentencia. Esto significa que queda suspendido el procedimiento hasta tanto otra cosa disponga el tribunal. En cambio, bajo la Ley de Sentencia Suspendida se dicta sentencia contra una persona y luego de dictada se suspenden los efectos de la sentencia". *Íd.*, a la pág. 203. (Citas Omitidas). Sin embargo, "**esta diferencia no es obstáculo para que el programa de desvío bajo la Ley 54 se considere como una libertad a prueba**". *Íd.* (Énfasis suplido).

El Art. 2A de la Ley Núm. 259 de 3 de Abril de 1946, 34 LPRA sec. 1027a, también conocida como la "Ley de Sentencia Suspendida y Libertad a Prueba", según enmendada, establece lo siguiente:

> *La persona sentenciada consentirá, además, a que se le pueda revocar su libertad a prueba **en ausencia** si esta ha abandonado la jurisdicción o si se desconoce su paradero por haber cambiado de dirección sin haberlo informado a su oficial probatorio.*

(Énfasis nuestro).

### III.

En su escrito, la SAL argumenta que el Art. 3.6 de la Ley Núm. 54, *supra*, "no provee para la celebración de un proceso de revocación en ausencia, contrario a lo que ocurre en la Ley de Sentencia Suspendida (libertad a prueba)".[14] A su vez, sostiene que al peticionario no se advirtió que, en caso de incomparecencia, podía revocarse su probatoria en ausencia. No tiene razón.

Primero, en la "Resolución" emitida el 9 de abril de 2021, o sea, la determinación por la cual se le concedió el desvío al peticionario, se le advirtió que:

> *Cualquier violación de cualquier Ley vigente en Puerto Rico o los Estados Unidos, al igual que cualquier conducta antisocial reñida con la moral y **la violación***

---

[14] Véase, recurso pág. 24.

**de cualquiera o cualquiera de las condiciones que se le imponen, conllevará la revocación de esta resolución y se procederá a dictar sentencia.**

(Énfasis provisto).

Por lo tanto, el peticionario aceptó, como parte de las condiciones impuestas, no violentar aquellas otras condiciones que se le hayan impuesto. A su vez, se le advirtió de la consecuencia de ello, o sea, sobre la revocación del desvío por incumplir con las condiciones impuestas. No obstante lo anterior, este falló en cumplir con ciertas condiciones generales y especiales que el Tribunal le impuso. Este acto, sin duda, conlleva la revocación del privilegio concedido. Sobre este aspecto, el peticionario ya fue advertido.

Como si fuera poco, ya nuestra Alta Curia ha expresado que el programa de desvío estatuido en el Art. 3.6 de la Ley Núm. 54, *supra*, puede considerarse como una libertad a prueba. Según explicamos, la libertad a prueba puede revocarse en ausencia del probando.

Por otro lado, la SAL sostiene que, en la vista final de revocación el probando tiene derecho a estar representado por un abogado que vele por sus derechos. Indica que la abogada del Sr. Sepúlveda Lugo está impedida de proveerle una representación adecuada. Esto, debido a la propia ausencia del probando. Diferimos.

La representante legal del peticionario cuenta con la información necesaria para prepararse adecuadamente para su caso. Por ejemplo, tiene consigo el expediente del caso, incluyendo copia del "Informe de Violación de Condiciones de LAP". Asimismo, puede examinar el expediente del Tribunal, en caso de necesitar información adicional. De igual forma, puede contrainterrogar a la oficial de probatoria, tal y como hizo en la vista inicial.

Somos conscientes de las gestiones efectuadas por el Estado y por la propia representante legal del peticionario para lograr su comparecencia ante el Tribunal. La ausencia del Sr. Sepúlveda Lugo no puede ser un fundamento válido para impedirle al tribunal continuar con los procedimientos, máxime cuando es el propio peticionario quien la ha provocado.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y confirmamos la "Orden" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

Debido al resultado que hemos llegado, declaramos No Ha Lugar la "Moción Urgente Solicitando Paralización en Auxilio de Jurisdicción".

Enfatizamos que, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin la necesidad de esperar por el mandato de este caso.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda.  Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones